**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| YUQIU LIANG,<br><br>                Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                Respondent. | No. 13-72242<br><br>Agency No. A099-716-665<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued March 11, 2016
Submitted May 26, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

Yuqiu Liang petitions for review of the Board of Immigration Appeals'

("BIA") denial of her application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We grant the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Substantial evidence does not support the BIA's adverse credibility determination. The BIA relied on seven inconsistencies identified by the Immigration Judge ("IJ") in order to find Liang not credible. But each inconsistency is either unsupported by substantial evidence or is the type of "trivial inconsistenc[y] that under the total circumstances ha[s] no bearing on a petitioner's veracity [and] should not form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

First, Liang's testimony regarding the closure of her business was not inconsistent. The BIA's determination that the police could not have closed Liang's business if her license had expired is speculative. Second, any inconsistency about whether Liang's business license listed the floor number of her booth is trivial. Third, Liang's testimony that she owned a small business was not inconsistent with the information contained in her household registry. As Liang explained, her registry reflected an old job because, in China, there is no "formal procedure" for notifying government authorities about being laid off and small businesses are never written down "on your house registration." Fourth, Liang did not testify inconsistently about the payment she made for her business booth. The BIA failed to sufficiently address Liang's testimony that the Chinese government refused to provide her a receipt for her payment but nonetheless provided a note

2

documenting her ownership. Further, Liang testified that she moved the note from one location to another; she never claimed it was in two places at once. Fifth, any inconsistency related to Liang's age is trivial. Sixth, the minor inconsistency between the number on Liang's identification card and the one on her household registry is similarly trivial. Seventh, and finally, substantial evidence does not support finding an inconsistency in Liang's testimony about her fear of the local police. Specifically, the BIA failed to sufficiently address the fact that passports are issued by a "separate . . . work unit[]," which supports Liang's fear that the police would prevent her from relocating if she returned even though they allowed her to obtain a passport.

In sum, none of the BIA's seven inconsistencies supports its adverse credibility ruling. Because the BIA based its denial of Liang's application for asylum, withholding of removal, and CAT relief on the adverse credibility finding, all three claims must be remanded to the BIA.

**Petition GRANTED.**